## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| NONEND INVENTIONS, N.V.,<br><br>    Plaintiff,<br><br>    v.<br><br>PANASONIC CORPORATION, AND PANSONIC CORPORATION OF NORTH AMERICA,<br><br>    Defendants. | CIVIL ACTION NO. 2:15-cv-627<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Nonend Inventions, N.V., ("Nonend") files this complaint against the above-named defendants alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

### PARTIES

1.     Nonend is a limited liability company formed under the laws of the Netherlands with a principal place of business in Bilthoven, the Netherlands.

2.     Defendant Panasonic Corporation is a corporation organized under the laws of Japan with a principal place of business in Osaka, Japan.  Panasonic Corporation can be served through its Officers and/or Directors at its corporate headquarters at 1006 Osaka Kadoma, Kadoma-shi, Osaka 571-8501, Japan.

3.     Defendant Panasonic Corporation of North America is a corporation organized under the laws of Delaware with a principal place of business in Seacaucus, NJ.  Panasonic Corporation of North America can be served through its resident agent for service of process in Texas: C T Corporation System, 1999 Bryan Street, Suite 900; Dallas, TX 75201 USA.

4.     Panasonic Corporation of North America is a wholly owned subsidiary of Panasonic Corporation.  The companies will be collectively referred to as defendant "Panasonic."

## JURISDICTION AND VENUE

5.     This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

6.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Panasonic has transacted business in this district and has committed acts of patent infringement in this district.

7.     Panasonic is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business,

engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,590,752

8.      On September 15, 2009, United States Patent No. 7,590,752 ("the 752 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Playing Media Content On A Media Player While Streaming The Retrieved Parts Of The Media Content To Other Devices."

9.      Nonend is the owner of the 752 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 752 patent against infringers, and to collect damages for all relevant times.

10.      Panasonic made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products having the ability to stream media in an infringing manner (including at least computers with Windows Media Player) (the "accused products").  By doing so, Panasonic has directly infringed (literally and/or under the Doctrine of Equivalents) the 752 Patent.  Panasonic's infringement in this regard is ongoing.

11.      Panasonic has also indirectly infringed the 752 Patent by inducing others to directly infringe the 752 Patent.  Panasonic has induced the end-users to directly infringe (literally and/or under the Doctrine of Equivalents) the 752 Patent

by using the accused products.  Panasonic took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 752 patent.  Such steps by Panasonic included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner. This induces end-users to use the accused products in a manner that infringes the 752 Patent.  Panasonic's inducement is ongoing.

12.    Panasonic has also indirectly infringed by contributing to the infringement of the 752 Patent.  Panasonic has contributed to the direct infringement of the 752 Patent by the end-user of the accused products.  The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the 752 Patent.  The special features include the ability to stream content between the accused products in an infringing manner.  The special features constitute a material part of the invention of one or more of the claims of the 752 patent and are not staple articles of commerce suitable for substantial non-infringing use. Panasonic's contributory infringement is ongoing.

13.    Panasonic had knowledge of the 752 Patent before the filing of this action.  Nonend disclosed its earliest US priority patent application to Panasonic before the filing of this action.  Panasonic also has knowledge of the 752 Patent at least as of the date when it was notified of the filing of this action.  Furthermore, on information and belief, Panasonic has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and has thus remained willfully ignorant of Nonend's patent rights. Panasonic's direct and indirect infringement of the 752 Patent has thus been with knowledge (or willful ignorance) of the 752 Patent, making Panasonic liable both for indirect infringement and willful infringement.

14.    Nonend has been damaged as a result of the infringing conduct by defendant alleged above.  Thus, Panasonic is liable to Nonend in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15.    Nonend and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,779,138

16.     On August 17, 2010, United States Patent No. 7,779,138 ("the 138 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Streaming Content Between Media Players Configured To Locate Each Other."

17.     Nonend is the owner of the 138 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 138 patent against infringers, and to collect damages for all relevant times.

18.     Panasonic made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products having the ability to stream content (including at least computers with Windows Media Player) (the "accused products"). By doing so, Panasonic has directly infringed (literally and/or under the Doctrine of Equivalents) the 138 Patent. Panasonic's infringement in this regard is ongoing.

19.     Panasonic has also indirectly infringed the 138 Patent by inducing others to directly infringe the 138 Patent. Panasonic has induced the end-users to directly infringe (literally and/or under the Doctrine of Equivalents) the 138 Patent by using the accused products. Panasonic took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them

to use the accused products in a manner that infringes the 138 patent.  Such steps

by Panasonic included, among other things, advising or directing customers and

end-users to use the accused products in an infringing manner; advertising and

promoting the use of the accused products in an infringing manner; and/or

distributing instructions that guide users to use the accused products in an

infringing manner. This induces end-users to use the accused products in a manner

that infringes the 138 Patent.  Panasonic's inducement is ongoing.

20.    Panasonic has also indirectly infringed by contributing to the

infringement of the 138 Patent.  Panasonic has contributed to the direct

infringement of the 138 Patent by the end-user of the accused products.  The

accused products have special features that are specially designed to be used in an

infringing way and that have no substantial uses other than ones that infringe the

138 Patent.  The special features include the ability to stream content in a manner

that infringes the 138 Patent.  The special features constitute a material part of the

invention of one or more of the claims of the 138 patent and are not staple articles

of commerce suitable for substantial non-infringing use. Panasonic's contributory

infringement is ongoing.

21.    Panasonic had knowledge of the 138 Patent before the filing of this

action.  Nonend disclosed its earliest US priority patent application to Panasonic

before the filing of this action.  Panasonic also has knowledge of the 138 Patent at

least as of the date when it was notified of the filing of this action. Furthermore, on information and belief, Panasonic has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and has thus remained willfully ignorant of Nonend's patent rights. Panasonic's direct and indirect infringement of the 138 Patent has thus been with knowledge (or willful ignorance) of the 138 Patent, making Panasonic liable both for indirect infringement and willful infringement.

22. Nonend has been damaged as a result of the infringing conduct by defendant alleged above. Thus, Panasonic is liable to Nonend in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

23. Nonend and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,099,513

24. On January 17, 2012, United States Patent No. 8,099,513 ("the 513 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Streaming Content From One Or More Production Nodes Or Media Player Systems."

25.    Nonend is the owner of the 513 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 513 patent against infringers, and to collect damages for all relevant times.

26.    Panasonic made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products having the ability to stream content (including at least computers with Windows Media Player) (the "accused products").  By doing so, Panasonic has directly infringed (literally and/or under the Doctrine of Equivalents) the 513 Patent.  Panasonic's infringement in this regard is ongoing.

27.    Panasonic has also indirectly infringed the 513 Patent by inducing others to directly infringe the 513 Patent.  Panasonic has induced the end-users to directly infringe (literally and/or under the Doctrine of Equivalents) the 513 Patent by using the accused products.  Panasonic took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 513 patent.  Such steps by Panasonic included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an

infringing manner.  This induces end-users to use the accused products in a manner that infringes the 513 Patent.  Panasonic's inducement is ongoing.

28.     Panasonic has also indirectly infringed by contributing to the infringement of the 513 Patent.  Panasonic has contributed to the direct infringement of the 513 Patent by the end-user of the accused products.  The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the 513 Patent.  The special features include the ability to stream content in a manner that infringes the 513 Patent.  The special features constitute a material part of the invention of one or more of the claims of the 513 patent and are not staple articles of commerce suitable for substantial non-infringing use. Panasonic's contributory infringement is ongoing.

29.     Panasonic had knowledge of the 513 Patent before the filing of this action.  Nonend disclosed its earliest US priority patent application to Panasonic before the filing of this action.  Panasonic also has knowledge of the 513 Patent at least as of the date when it was notified of the filing of this action.  Furthermore, on information and belief, Panasonic has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and has thus remained willfully ignorant of Nonend's patent rights.  Panasonic's direct and indirect infringement of the 513 Patent has thus been with

10

knowledge (or willful ignorance) of the 513 Patent, making Panasonic liable both for indirect infringement and willful infringement.

30.     Nonend has been damaged as a result of the infringing conduct by defendant alleged above.  Thus, Panasonic is liable to Nonend in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

31.     Nonend and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## JURY DEMAND

Nonend hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Nonend requests that the Court find in its favor and against Panasonic and that the Court grant Nonend the following relief:

a.     Judgment that one or more claims of the asserted patents have been infringed, either literally and/or under the Doctrine of Equivalents, by Panasonic;

b.     Judgment that Panasonic account for and pay to Nonend all damages to and costs incurred by Nonend because of Panasonic's infringing activities and other conduct complained of herein;

c.     That Panasonic's infringement be found to be willful, and that the

Court award treble damages for the period of such willful infringement under 35

U.S.C. § 284;

d.     A permanent injunction enjoining Panasonic and its respective

officers, directors, agents, servants, affiliates, employees, divisions, branches,

subsidiaries, parents, and all others acting in active concert therewith from

infringement of the asserted patents;

e.     Pre-judgment and post-judgment interest on the damages caused by

Panasonic's infringing activities and other conduct complained of herein;

f.     A declaration by the Court that this an exceptional case and an award

to Nonend its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §

285; and

g.     Other and further relief as the Court may deem just and proper under

the circumstances.

Dated:  May 1, 2015                    Respectfully submitted,

                                       */s/ Matthew J. Antonelli*
                                       Matthew J. Antonelli (lead attorney)
                                       Texas Bar No. 24068432
                                       matt@ahtlawfirm.com
                                       Zachariah S. Harrington
                                       Texas Bar No. 24057886
                                       zac@ahtlawfirm.com
                                       Larry D. Thompson, Jr.
                                       Texas Bar No. 24051428
                                       larry@ahtlawfirm.com

Califf T. Cooper
Texas Bar No. 24055345
califf@ahtlawfirm.com
ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000
(713) 581-3020 fax

*Attorneys for Nonend Inventions N.V.*